**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**VALERIE BAXTER,**

      **Plaintiff,**

    **v.**                                             **ACTION NO. 4:06cv1**

**CITY OF NEWPORT NEWS,**
**CITY OF NEWPORT NEWS POLICE DEPARTMENT,**
**JAMES D. FOX, Chief of Police,**
**POLICE OFFICER JOHN/JANE DOE A,**
**POLICE OFFICER JOHN/JANE DOE B,**
**POLICE OFFICER JOHN/JANE DOE C,**
**RIVERSIDE HOSPITAL,**
**DR. JOHN/JANE DOE,**
**NURSE JOHN/JANE DOE,**

      **Defendants.**

**OPINION AND FINAL ORDER**

This matter comes before the court on defendants' motions to dismiss plaintiff's Complaint for failure to state a claim. For the reasons set forth herein, the court **GRANTS** the motions.

**I.  Factual and Procedural History**[1]

On January 3, 2004, at approximately 4:00 a.m., plaintiff Valerie Baxter ("Baxter") was walking in Newport News, Virginia, when, without warning, Police Officer John/Jane Doe A ("Officer Doe A") approached Baxter and slammed her head onto a police car. Officer Doe A proceeded to arrest Baxter even though he did not have a warrant for her arrest or temporary detention and she had

---

[1] All facts are drawn from the allegations set forth in plaintiff's Complaint.

not committed a crime in his presence. While executing the arrest, the officer twisted Baxter's arms behind her back to handcuff her, despite the fact that she had told the officer that she could not place her arms behind her back due to a torn rotator cuff. Officer Doe A's actions physically injured Baxter. Police Officer John/Jane Doe B ("Officer Doe B") and Police Officer John/Jane Doe C ("Officer Doe C") were present during these events and had a duty and an opportunity to prevent Officer Doe A's misconduct, but did not intervene. After Baxter was arrested, she was transported against her will to Riverside Hospital ("Riverside") and placed in a locked room to prevent her from leaving. Dr. John/Jane Doe ("Dr. Doe") and/or Nurse John/Jane Doe ("Nurse Doe") ordered Baxter to be held in the locked room, against her will.

Baxter submitted a Complaint on January 3, 2006,[2] the day that the statute of limitations for her claims likely would have expired.[3] She alleges that her Fourth and Fourteenth Amendment

---

[2] As the court will make clear in this Opinion and Final Order, Baxter has submitted a Complaint that is substantially deficient. She also has failed to demonstrate any diligence in the prosecution of her action. The court notes that Baxter is not proceeding pro se, but rather is represented by retained counsel, and thus is not owed the solicitousness that is accorded to pro se plaintiffs. See Beaudett v. Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

[3] See Wilson v. Garcia, 471 U.S. 261, 275-76 (1985) (holding that the statute of limitations period that controls a § 1983 claim is the relevant state limitations period for personal injury claims); Va. Code Ann. § 8.01-243 (2006) (providing that a two-year limitations period applies to personal injury claims).

rights, as guaranteed by the federal Constitution, were violated by the City of Newport News ("the City"), the City of Newport News Police Department, Chief of Police James D. Fox ("Fox"), Officer Doe A, Officer Doe B, Officer Doe C, Riverside, Dr. Doe, and Nurse Doe.[4]  On March 30, 2006, the City Defendants submitted Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  On April 5, 2006, the Riverside Defendants submitted Motion to Dismiss, pursuant to Rule 12(b)(6).  Baxter did not respond to either motion.  These motions are ripe for review.[5]

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2006).  When reviewing a plaintiff's complaint pursuant to a 12(b)(6) motion, the court must accept well-pleaded allegations as true and must construe the factual allegations in favor of the plaintiff.  Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  Moreover, the Federal Rules "do not require a

---

[4] The court will refer to the City of Newport News, the City of Newport News Police Department, Fox, and Officers Doe A, B, and C, as the "City Defendants."  The court will refer to Riverside, Dr. Doe, and Nurse Doe as the "Riverside Defendants."

Baxter brings her federal claims under 42 U.S.C. §§ 1983 and 1985(3). She also indicates that she has state law claims, but she fails to state any such claims.  See infra at 13-14.

[5] The defendants have requested a hearing on this matter.  A hearing is unnecessary, as the court can dispose of this case based on the pleadings.

claimant to set out in detail the facts upon which [she] bases [her] claim." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325 (4th Cir. 2001) (citation and internal quotation marks omitted). "Rule 12(b)(6), however, is not without meaning," id. at 326, but rather "test[s] the legal sufficiency of the complaint," Randall, 30 F.3d at 522. Therefore, the plaintiff must "set forth facts sufficient to allege each element of [her] claim" in order to show that she has a claim upon which the court can grant relief. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) (emphasis added); see also Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346-48 (4th Cir. 2005) (reviewing Fourth Circuit case law requiring a plaintiff to allege each element of her claim).

### III. Discussion

#### A. Section 1983 Claims

##### 1. The Municipality

A § 1983 plaintiff may not hold a municipality vicariously liable for the acts of an employee. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 692-94 (1978). Rather, the municipality is liable only if it directly caused the plaintiff's injury. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Therefore, the plaintiff may hold the municipality responsible for the employee's acts only if the municipality adopted a policy or custom pursuant to which the employee acted. Monell, 436 U.S. at 692-94. Only then can the plaintiff say that an act of the

municipality – the adoption of the policy or custom – caused its employee to act in the allegedly unlawful manner and thus directly caused the plaintiff's injury. Id.

Baxter has not pled any allegation that the City of Newport News, the Newport News Police Department, or Fox, has made a policy or adopted a custom pursuant to which Officers Doe A, B, and C acted. Hence, she has failed to allege "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Harris, 489 U.S. at 385. Baxter does allege that the City of Newport News is "responsible for the training, employment, and actions" of the Newport News Police Department, Fox, and the city's police officers; that the Newport News Police Department is "responsible for the actions and training" of Fox and the city's police officers; and that Fox "is responsible to ensure proper training of officers and compliance" with various policies and procedures. See Compl. at ¶¶ 4-6.[6] However, these allegations are far too vague and general to plead the policy or custom element. All that Baxter has stated is that the defendants are responsible for certain functions. She has not alleged that they used that responsibility to make a policy or custom which the

---

[6] To the extent that Baxter means that these defendants are legally responsible for the conduct of the police officers, such an allegation is a legal conclusion which the court need not accept. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Moreover, this legal conclusion is incorrect because Baxter has not pled elements that are required to hold the defendants liable. See infra at 5-9.

5

officers were executing and acting pursuant to when they arrested her.[7] She has not pled that Newport News made a policy to train officers to use excessive force, or adopted a custom of tolerating and condoning such misconduct, or otherwise had a policy or custom which directly resulted in the officers engaging in the misconduct that Baxter alleges. Therefore, she does not have a claim against the municipality upon which relief can be granted.

**2. Newport News Police Department**

Virginia state law determines whether the Newport News Police Department has the capacity to be sued. See Fed. R. Civ. P. 17(b). Virginia law provides that a police department does not have the capacity to be sued if it is established as a part of the city, and not as a separate legal entity. See Young v. City of Norfolk, 62 Va. Cir. 307, 310 (Norfolk 2003); see also Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989). The City of Newport News established its police department as a part of the City, organized under the City's Code of Ordinances and supervised by the City Manager. See Code of Ordinances, City of Newport News, Va.,

---

[7] A municipality is liable only if an employee acted according to and while executing the municipality's policy or custom. Monell, 436 U.S. at 694. Thus, for the City of Newport News to be liable for the alleged misconduct of Officer Doe A, the officer must have arrested Baxter in the manner prescribed by the City's policy or custom. If an employee deviates from the policy or custom and acts on his own accord, then the policy or custom is not responsible for depriving the plaintiff of her federal rights, and the municipality is not culpable for the plaintiff's injury. See Harris, 489 U.S. at 389-91; Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir. 1989).

§ 32-1 (2005). Thus, the police department is not a proper party and Baxter's claim against it must be dismissed.

### 3. Chief of Police Fox

Baxter sues Fox in his individual capacity.[8] She does not allege that Fox partook in the use of excessive force against her or otherwise personally participated in the misconduct to which she was subjected. Nor does she allege that he was present at the time of her encounter with the police officers, thereby subjecting him to bystander liability. See Randall v. Prince George's County, 302 F.3d 188, 204 (4th Cir. 2002) (setting forth the elements for a bystander liability claim). However, she does allege that Fox "is responsible to ensure proper training of officers and compliance with policies, procedures, and applicable federal, state and municipal codes." See Compl. at ¶ 6. She thus appears to be suing

---

[8] The City Defendants contend that Baxter named Fox only in his official capacity. City Mot. to Dismiss at 2. In fact, Baxter has failed to designate whether her claim is against Fox in his official capacity, his individual capacity, or both. Therefore, the court must examine the nature of Baxter's claims to determine the capacity in which she is suing Fox. See Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995).
    A suit against a municipal employee in his official capacity must be treated as a suit against the municipality. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Since Baxter has already named the City as a defendant, it would have been duplicative and pointless to also sue Fox in his official capacity. Thus, the court determines that Baxter must be suing Fox in his individual capacity. To the extent that Baxter did intend to sue Fox in his official capacity, she has brought a suit against the City. See id. Therefore, that claim is dismissed because she failed to plead that the City has a policy or custom that caused her injury. See supra at 4-6.

him on the basis of supervisory liability.[9]

A supervisor may not be held vicariously liable for his subordinates' misconduct. Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Rather, he is liable only if "supervisory indifference or tacit authorization of subordinates' misconduct" directly causes the plaintiff's injuries. Id. Thus, to bring a supervisory liability claim, a plaintiff must plead three elements: (1) the supervisor possessed actual or constructive knowledge that his subordinates "engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;" (2) "the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) the supervisor's inaction directly caused the plaintiff's injuries. Randall, 302 F.3d at 206 (citation and internal quotation marks omitted). Baxter has not pled that the police officers pervasively conducted the kind of actions alleged in her Complaint, and that Fox had actual or constructive knowledge of that misconduct. Nor did she plead that Fox's response to misconduct was so inadequate as to show deliberate indifference to or tacit authorization of such practices. Baxter also fails to plead that Fox's inaction

---

[9] The City Defendants point out that "Fox did not become Chief of Police until after the events described by the Complaint took place and was not employed by the City in any capacity when they occurred." City Mot. to Dismiss at 2 n.1. As this matter concerns a factual issue, the court may not address it in a 12(b)(6) motion.

directly caused her injuries. Hence, Baxter does not have a § 1983 claim that she can bring against Fox in his individual capacity.

### 4. Riverside Hospital

A private corporation can be held liable under § 1983, if it deprived a plaintiff of a federal right and if it committed the deprivation under color of state law. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999).[10] However, as in a § 1983 suit against a municipality, the plaintiff cannot hold the private corporation vicariously liable for the acts of its employees, but rather must show that the corporation had a policy or custom that the employee acted pursuant to and that caused the deprivation of her rights. Id.; see also McIlwain v. Prince William Hospital, 774 F. Supp. 986, 990 (E.D. Va. 1991) (holding that a § 1983 plaintiff cannot hold a private hospital vicariously liable, but instead must identify a corporate policy or custom that caused plaintiff's injury). Here, Baxter pleads that Riverside "is responsible for the actions of medical personnel...within their Newport News facility." Compl. at ¶ 10.[11] As with the City, Baxter's allegations are far too general and vague. She has not pled that Riverside used its responsibility to adopt a policy or

---

[10] Baxter pleads that Riverside is a private corporation. See Compl. at ¶ 10.

[11] To the extent that Baxter means to plead that Riverside is legally responsible for the actions of its medical personnel, that is a legal conclusion which the court need not, and does not, accept. See Randall, 30 F.3d at 522; supra note 6.

9

custom pursuant to which Dr. Doe or Nurse Doe acted.[12]  Therefore, Baxter has no § 1983 claim against Riverside.

### 5. **John/Jane Doe Defendants**

The remaining § 1983 defendants are John/Jane Doe police officers, Dr. Doe, and Nurse Doe.  John/Jane Doe suits are disfavored.  Njoku v. Unknown Special Unit Staff, 2000 U.S. App. LEXIS 15695, at *2 (4th Cir. 2000).  Such suits are

> [A]ppropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery.

Id.  "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court," then the court may "dismiss the action without prejudice."  Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982); see also Dillard v. Bedsole, 1998 U.S. Dist. LEXIS 4091, at * 6-7 (E.D.N.C. 1998) (dismissing claims against unnamed officers in a case where plaintiffs never identified, served, or deposed the officers, and plaintiffs failed to conduct any discovery or respond to defendants' motion for summary judgment).

The circumstances of this case demonstrate that Baxter has been unable to discover the identities of the John/Jane Doe defendants, and that she is not diligently prosecuting her action

---

[12] See supra note 7 (explaining the difference between an employee acting pursuant to a policy or custom as opposed to an employee deviating from the policy or custom and acting on his own accord).

in a manner that will lead to their identifications. The events underlying the basis for Baxter's claims occurred on January 3, 2004. Twenty-four months later, she filed her suit on the day that the statute of limitations likely would have terminated her claims.[13] She apparently was unable to ascertain the identities of the John/Jane Doe defendants during that two-year period. More than five months have passed since Baxter commenced her suit, during which time she never sought to amend her Complaint to name the John/Jane Doe defendants or to place on the record evidence of any efforts or requests made to identify them.[14] Baxter's poorly pled Complaint, which completely failed to state any claim against any named defendant, reveals a failure to research and/or understand the law underlying her claims and to determine if the facts of her case are actionable under that law. Baxter also never bothered to respond to the defendants' motions to dismiss.

This case cannot be prosecuted without the identities of these defendants, and Baxter has shown no ability or effort to determine who they are. Accordingly, the court **DISMISSES** the § 1983 claims against the John/Jane Doe defendants, without prejudice to Baxter's rights to re-file against them, should she ascertain their identities at a later date. See Schiff, 691 F.2d

---

[13] See supra note 3 and accompanying text.

[14] As an aside, more than one-hundred-and-twenty days have passed since Baxter submitted her complaint, and no service has been effected on these defendants. See Fed. R. Civ. P. 4(m).

at 198; see also Dillard, 1998 U.S. Dist. LEXIS 4091, at * 6-7.[15]

**B. Section 1985(3) Claims**

Section 1985(3) creates a cause of action against conspirators who deny the plaintiff equal protection of the laws. 42 U.S.C. § 1985(3).[16] In order to bring a § 1985(3) claim, a plaintiff must plead five elements:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). Here,

---

[15] Even if Baxter had identified and served the John/Jane Doe defendants, the Riverside Defendants moved to dismiss the § 1983 claims against Dr. Doe and Nurse Doe based on the contention that Baxter's Complaint did not properly plead that they acted under the color of state law. Also, the court warns Baxter that the statute of limitations most likely will have run on her claims. See supra note 3 and accompanying text.

[16] Section 1985 provides for three different causes of action for conspiracies that interfere with a plaintiff's civil rights. See 42 U.S.C. § 1985. Baxter does not specify which cause of action she brings, but the court finds it most likely that she brings a claim under § 1985(3). Section 1985(1) creates a cause of action against conspirators who prevent an officer of the United States from performing his duties. 42 U.S.C. § 1985(1). Nothing in Baxter's Complaint refers to a federal officer who was deterred from performing his duties. Section 1985(2) creates a cause of action against conspirators who obstruct justice in federal or state court proceedings. 42 U.S.C. § 1985(2). Nothing in Baxter's Complaint refers to any federal or state court proceedings.
   Therefore, the court concludes that Baxter brings her claim under § 1985(3). To the extent that Baxter does bring her claim under subsection one or subsection two, she has clearly failed to plead elements of those causes of actions and she has not stated a claim upon which relief can be granted.

Baxter has not pled that any of the defendants conspired together to achieve the objective of depriving her of her rights. She has not pled that she is part of a class that is protected by § 1985.[17] She also has not pled that any defendant acted out of a discriminatory animus rather than some other illicit motive. Therefore, Baxter has failed to state the first two elements of a § 1985 claim with respect to all of the defendants, including the John/Jane Doe defendants.

### C.  **State Law Claims**

Baxter vaguely indicates that she has state law claims.[18] She also labels her First Cause of Action as "False Arrest and False Imprisonment," and her Second Cause of Action as "Use of Excessive Force and Assault and Battery." However, the text of her Complaint never states that she is bringing causes of action under Virginia law, and never specifies her state law claims.[19] Even if

---

[17] See Buschi v. Kirven, 775 F.2d 1240, 1257-58 (4th Cir. 1985) (discussing whether § 1985(3) protects any class other than African-Americans and stating that "the class protected can extend no further than to those classes of persons who are, so far as the enforcement of their rights is concerned, in unprotected circumstances similar to those of the victims of Klan violence") (citation and internal quotation marks omitted).

[18] See Compl. at ¶ 1 ("This action arises under...the pendent jurisdiction of this court.").

[19] Under the right circumstances, it might have been reasonable to infer that Baxter stated claims for false arrest, false imprisonment, use of excessive force, and assault and battery. However, the ambiguities and contradictions of Baxter's Complaint makes such inferences mere guesses, not reasonable conclusions. For example, the only state law authorities cited by Baxter are the

the court could infer that Baxter states these four tort claims, she never specifies against which defendants she is bringing each cause of action.[20]

Accordingly, to the extent Baxter has state law claims against any of the defendants herein, she has not properly pled those causes of action under Federal Rule of Civil Procedure 8,[21] and they are dismissed without prejudice to her rights to bring claims in state court.[22]

---

Virginia Constitution and the Code of Virginia. See Compl. at ¶ 22. However, in Virginia, false arrest, false imprisonment, use of excessive force, and assault and battery, are not claims set forth in the Code of Virginia or grounded in the Virginia Constitution, but instead are common law tort claims. Compounding the confusion, it is impossible to glean from Baxter's Complaint what statutory claims she might have under the Code of Virginia. Baxter also failed to specify what provisions of the Virginia Constitution serve as the basis for any claims.

[20] With respect to the First Cause of Action, it is impossible to determine whether Baxter is suing only the police officers, only the Riverside medical personnel, or both sets of defendants. Moreover, it is impossible to determine whether Baxter is suing only the employee-defendants, or is also suing the employer-defendants for being vicariously liable. Regarding the Second Cause of Action, it appears that Baxter is suing only the City Defendants. However, given that so much of Baxter's Complaint is so deficient, the court cannot confidently conclude that Baxter is not also suing the Riverside Defendants. Additionally, it again is impossible to determine whether Baxter is suing only the employee-defendants, or also is suing the employer-defendants.

[21] See Fed. R. Civ. P. 8 (requiring a plaintiff to make a "short and plain statement of [her] claim").

[22] The court warns Baxter that the statute of limitations continues to run on her claims. See supra note 3 and accompanying text.

### IV. Conclusion

For the reasons set forth above, the court **DISMISSES** all of Baxter's claims against all of the defendants. The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to counsel for plaintiff and to counsel for defendants.

**IT IS SO ORDERED.**

                                                /s/
                                    Rebecca Beach Smith

Norfolk, Virginia

June 19, 2006